UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-61319-UU

JONI BOSWORTH,

    Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint With Prejudice, or in the Alternative, Strike Pleading as a Sham (the "Motion"). D.E. 18.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## FACTUAL ALLEGATIONS

The following facts are taken from Plaintiff's First Amended Complaint, filed August 10, 2017. D.E. 17. The First Amended Complaint asserts one claim of violation of the Florida Whistleblower Act ("FWA"), Florida Statute section 448.102(3), and one claim of Wrongful Termination.

Plaintiff, Joni Bosworth ("Plaintiff"), is a resident of Florida who worked for Defendant, JetBlue Airways Corporation ("Defendant") at Fort Lauderdale-Hollywood International Airport. *Id.* ¶ 2. Plaintiff was employed as a Flight Attendant with Defendant for approximately fifteen years. *Id.* ¶ 7.

1

On April 4, 2016, Plaintiff was working as a flight attendant on Flight 1702 from Fort Lauderdale-Hollywood International Airport, Florida to John F. Kennedy Airport, New York, with a crew of four flight attendants, including herself. *Id.* ¶ 9. While in flight, Defendant attempted to contact Plaintiff on her personal cell phone. *Id.* ¶ 10. Because Plaintiff was in flight and conducting her employment duties, she refused to answer Defendant's telephone calls. *Id.*

After Flight 1702 landed in New York, Plaintiff exited the aircraft to meet with the remainder of the flight attendant crew in order to be transported to their respective accommodations. *Id.* ¶ 11. As the flight attendants disembarked the aircraft, they were considered to be "on rest" pursuant to Title 14 of the Code of Federal Regulation section 121.467 and Defendant's policy and procedures. *Id.* ¶ 12. While "on rest" and while being transported to their respective accommodations, Defendant then made multiple attempts to contact Plaintiff and the flight attendant crew. *Id.* ¶ 13. According to Plaintiff, Plaintiff and the flight attendant crew refused to answer Defendant's calls because the telephone calls were in violation of the "rest period" set forth in 14 C.F.R. § 117.25. *Id.* Because Plaintiff refused to answer Defendant's telephone calls, Plaintiff and the members of the flight attendant crew incurred a "no show" upon their employment records. *Id.* ¶ 14.

Plaintiff attached a Crewmember Progressive Guidance Report to her Complaint, which was issued by Defendant regarding the incident of April 4, 2016. *Id*. Ex. A. The relevant portions of the Report read as follows:

> On [April 4, 2016], you and your crew were assigned additional duty prior to landing on Flight 1702 FLL-JFK.
>
> You provided a written statement on April 16, 2016 advising that you escorted a family with two small children up the jetbridge to the hallway before going into your rest period. During the investigation, it was discovered that while we did

2

>attempt to notify you, we were unsuccessful in making positive contact with you. In addition, it was discovered that you left Customers unattended on the jetbridge upon arrival at JFK.
>
>On April 15, 2016, your aircraft was met by a member of the Anti-Drug & Alcohol team and you were informed that the F2 was going to receive a random drug test. You advised the F2 that she did not need to perform the Blue Turn and allowed her to retrieve her luggage and deplane the aircraft were Customers were still onboard. This contributed to a Minimum Crew Violation.

*Id*. Ex. A. On June 1, 2016, Defendant terminated Plaintiff as a result of her refusal to violate 14 C.F.R. § 117.25. These allegations serve as the basis for Plaintiff's claim for a violation of the FWA, Florida Statute section 448.102(3).

Plaintiff alleges that the April 15 and 16 incidents mentioned in the Report are pretense and pretext for her termination. *Id*. ¶ 21. Plaintiff alleges that the descriptions of those incidents, moreover, are false. *Id*. ¶¶ 34, 39. The April 16 event is false because Plaintiff escorted the family off the jet bridge and into the adjoining hallway. *Id*. ¶ 37. Additionally, another flight attendant, Donna Richardson, was also present. *Id*. ¶ 36. The April 15 event is false because Defendant's Drug and Alcohol division, not Plaintiff, was responsible for any shortage of flight attendants. *Id*. ¶ 19. These allegations serve as the basis for Plaintiff's claim for Wrongful Termination.

## PROCEDURAL HISTORY

On July 5, 2017, Defendant removed this action from the Seventeenth Judicial Circuit, in and for Broward County, Florida. D.E. 1. The original complaint included one count for violation of the FWA. *Id*. On August 4, 2017, the Court granted Defendant's motion to dismiss the first complaint. D.E. 16. The original complaint was "woefully deficient" and the Court was "not optimistic that the Plaintiff will be able to plead a plausible claim pursuant to Florida's Whistleblower Act under the facts of this case." *Id*.

3

The Court dismissed the original complaint for three reasons. First, Plaintiff failed to plead that she objected or refused to participate in an illegal activity. Contrary to her allegations, 14 C.F.R. section 117.25(a) does not prohibit all contact with flight crew during a rest period. D.E. 16, p. 5. Therefore, a telephone call to Plaintiff during her rest period was not a violation of a law. *Id*. Second, Plaintiff failed to allege that she knew that the purpose of Defendant's calls was to assign her to return to duty during a required rest period. *Id*. Finally, even if Plaintiff had pleaded she knew or believed that answering the calls violated the law she was not terminated for that reason. Rather, she was terminated for the reasons set forth in the Crewmember Progressive Guidance Report.

Plaintiff made several changes in the First Amended Complaint. First, Plaintiff now alleges that Defendant's own policies are "laws" for the purpose of the FWA. D.E. 17. fn 1. Second, Plaintiff states, "Expert interpretation and contact with the Federal Aviation Administration (FAA) states that over 40 years of FAA rules, regulations and practices err on the side that no contact during a *protected* rest time is in violation of [14 C.F.R. section 117.25(a)]." *Id*. ¶ 28 (emphasis in original). Third, Plaintiff alleges that she became aware of the reason for Defendant's calls by checking her company iPad. *Id.* ¶ 27. Finally, she added the Wrongful Termination claim alleging that the reasons for her termination described in the Crewmember Progressive Guidance Report are false and pretextual. *Id*. ¶ 21.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

4

678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

Defendant argues that the changes in the First Amended Complaint have not cured the defects in Plaintiff's case. First, Plaintiff's allegation that Defendant's own policies constitute laws for the purpose of the whistleblower statute is meritless. So too is Plaintiff's contention that 14 C.F.R. section 117.25(a) prohibits all communication from Defendant to Plaintiff during a rest period. Second, Plaintiff's allegation that she learned the purpose of Defendant's calls on her iPad and accordingly refused to answer them is belied by sworn testimony made in a separate lawsuit. Finally, there is no recognized common law cause of action for wrongful termination under either Florida or federal law.

Plaintiff responds that the Court should ask the FAA for an interpretation of its rules because Defendant's calls to Plaintiff during a rest period "[are] and should be a violation of the Federal rules." Plaintiff does not respond to Defendant's contention that her previous sworn testimony contradicts her allegations about when she learned that Defendant called her to assign her work. Finally, without addressing Defendant's authorities or citing any of her own, Plaintiff argues that she states a claim for wrongful termination because an employer "cannot and should not fire you based off a lie."

### 1. Count I: Florida Whistleblower Act

To establish a prima facie case under Florida's Whistleblower Act, Plaintiff is required to establish the following: (1) that she objected to or refused to participate in any illegal activity, policy, or practice of Defendant; (2) that she suffered an adverse employment action; and (3) that the adverse employment action was causally linked to her objection or refusal. *See Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013). An illegal activity is defined as one that violates a "law, rule, or regulation." Pursuant to section 448.101(4), "'[l]aw, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4); *see Tyson v. Viacom, Inc.*, 760 So. 2d 276 (Fla. 4th DCA 2000).

For substantially the same reasons enumerated in the Court's Order dismissing the first complaint, Plaintiff has failed to plead the first element. Her allegations that (1) Defendant's own policies are "laws" and (2) that expert interpretation of FAA rules concludes that no contact is permitted during rest periods are pure assertions of law. The Court does not accept such statements as true at the motion to dismiss stage. *Iqbal*, 556 U.S. at 678 ("the tenet that a court

must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.").

Furthermore, the FAA rejected the first of these allegations. FAA Order 8900.1 states, "[s]ince the manual may also include company policy and guidance to personnel, all portions of the manual are not enforceable as regulations." 60 Fed. Reg. 65832-01 (Dec. 20, 1995).[1] Accordingly, this allegation does not save Plaintiff's whistleblower claim.

Neither does the second allegation that expert interpretation of FAA regulations "err[s] on the side of" prohibiting any contact during a rest period. On its face, 14 C.F.R. section 117.25(a) forbids Defendant from assigning work to Plaintiff during a rest period. It does not forbid any and all communication. Even accepting as true that experts err on the side of interpreting the regulation more broadly, expert interpretation is not law. Accordingly, it will not support an FWA claim. *See* Fla. Stat. § 448.101(4) ("'[l]aw, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business."); *Tyson v. Viacom, Inc.*, 760 So. 2d 276, 277 (Fla. Dist. Ct. App. 2000) (holding that the term "law" refers "only to positive law," and that, in context, the term "includes" "is unambiguously one of limitation, not enlargement.").

Plaintiff strains to bring her claim within the confines of the rule by alleging that she refused Defendant's calls because she knew, from her iPad, that Defendant was attempting to assign her work during a rest period. Defendant counters that the Court should not take this allegation as true because it contradicts Plaintiff's testimony in another lawsuit.

---

[1] Plaintiff offered no response to this point when raised by Defendant in its Motion to Dismiss other than to urge the Court to ask the FAA to interpret its rule.

7

Typically, the Court may not consider documents extrinsic to the pleadings at the motion to dismiss stage unless it converts the motion into one for summary judgment. *Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015), cert. denied, 136 S. Ct. 1495, 194 L. Ed. 2d 587 (2016). There is, however, an exception to this rule. "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec.*, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)); see also *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). Here, the Plaintiff's deposition testimony directly contradicts the allegations in the First Amended Complaint, and Plaintiff does not challenge its accuracy.

In her deposition, Plaintiff testified that she did not refuse to take Defendant's calls; rather, she missed Defendant's calls because her phone was off when each call was made:

> Q. At any point when you received those voice mails, was your phone on; and did you see it ringing?
>
> A. No.
>
> Q. You received the voicemails after the fact?
>
> A. Well, yeah, because I think the last voice mail was at ten-fifteen, I want to say. And we got in the van round ten o'clock. So yeah.
>
> . . .
>
> Q. But, either way, it was after the fact? You only saw it as voice mails? You didn't see the calls coming in?
>
> A. Exactly –
>
> Q. Okay

    A.    – yes.

D.E. 18, Ex. A 64:7–65:23.  Accordingly, as with the first Complaint, Plaintiff has failed to allege that she knew that the purpose of Defendant's calls was to assign her to return to duty during a required rest period.

As with the first Complaint, so too here.  Plaintiff has failed to plead that she objected to or refused to participate in illegal conduct.  Moreover, given that Plaintiff's prior testimony shows that she never knew about, much less objected to, the reason for Defendant's calls until after the fact, this failure to state a claim cannot be cured by amendment.  Accordingly the Court dismisses this count with prejudice.

    **2.**  **Count II: Wrongful Termination**

Defendant moves to dismiss Count II of the First Amended Complaint on the grounds that "Wrongful Termination" is not a recognized cause of action under Florida or federal law. Plaintiff does not provide a common-law or statutory basis for the Wrongful Termination claim, but states, without authority, that an employer "cannot and should not fire you based off a lie."

Defendant is correct that "Florida does not recognize an exception to the at-will doctrine in the form of a common-law tort for retaliatory discharge from employment." *Wiggins v. S. Mgmt. Corp.*, 629 So. 2d 1022, 1025 (Fla. Dist. Ct. App. 1993) (citing *Smith v. Piezo Technology and Professional Administrators*, 427 So.2d 182 (Fla.1983)); *see also Bass v. Metro Dade Cnty Dept. of Corrections and Rehabilitation*, 798 So. 2d 835, 836 (Fla. 3d DCA 2001) ("there is no action in Florida for the common law tort of wrongful termination").  The same is true of federal law.  *Wright v. River Region Human Servs.*, No. 3:06 CV 953 J 25HTS, 2007 WL 81809, at *2 (M.D. Fla. Jan. 5, 2007) ("there is no federal common law cause of action for wrongful

termination."). Plaintiff cited no authority that either contradicted this conclusion or that established some other legal basis for her Wrongful Termination claim.

Because Wrongful Termination is not a cognizable claim, no amendment could cure this defect. Accordingly, the Court will dismiss this claim with prejudice. For the foregoing reasons it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 18) is GRANTED. Plaintiff's First Amended Complaint (D.E. 17) is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that the case is CLOSED for administrative purposes. All hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _25th_ day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf